1  ALAN R. BRAYTON, ESQ., S.B. #73685
   DAVID R. DONADIO, ESQ., S.B. #154436
2  BRAYTON❖PURCELL LLP
   Attorneys at Law
3  222 Rush Landing Road
   P.O. Box 6169
4  Novato, California  94948-6169
   (415) 898-1555
5  (415) 898-1247 (Fax No.)

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11 BILLY JEFFREY and          )   No. _____
   DIANA JEFFREY,             )
12                            )
          Plaintiffs,         )   COMPLAINT FOR ASBESTOS
13                            )   PERSONAL INJURY/ PRODUCTS
   vs.                        )   LIABILITY/ LOSS OF CONSORTIUM;
14                            )   DEMAND FOR JURY TRIAL
   FOSTER WHEELER LLC (FKA FOSTER )
15 WHEELER CORPORATION),      )
   SCHNEIDER ELECTRIC USA, INC. )
16 (FKA SQUARE D COMPANY), EATON )
   CORPORATION, ROCKWELL      )
17 AUTOMATION, INC.,          )
                              )
18        Defendants.         )

19

20                      I.

21                    PARTIES

22        1.    Plaintiff in this action, BILLY JEFFREY, has sustained asbestos-related lung

23 injuries as a result of his inhalation of asbestos fibers through his occupational exposure to

24 asbestos.  Plaintiff, DIANA JEFFREY, has sustained loss of consortium as set forth in the Third

25 Cause of Action.

26        2.    Plaintiff BILLY JEFFREY sustained an asbestos-related lung disease by the

27 inhalation of asbestos fibers released during the handling of asbestos-containing products at

28 Plaintiff's jobsites.

BRAYTON❖PURCELL LLP
ATTORNEYS AT LAW
222 RUSH LANDING ROAD
P O BOX 6169
NOVATO, CALIFORNIA 94948-6169
(415) 898-1555

3.      The pathogenesis of Plaintiff BILLY JEFFREY's asbestos-related diseases is explained on **Exhibit A**, attached to Plaintiffs' complaint and incorporated by reference herein.

4.      All of Plaintiffs' claims arise out of repeated exposure to asbestos-containing products manufactured, distributed, and/or sold by defendants and supplied to, installed and/or maintained by defendants at Plaintiff BILLY JEFFREY's worksites, over a period of years, caused from release of toxic asbestos fibers and subsequent inhalation by the Plaintiff BILLY JEFFREY, resulting in cumulative, progressive, incurable lung diseases.

5.      Plaintiff BILLY JEFFREY claims damages for an asbestos-related disease arising from a series of occurrences not dependent on Plaintiff's worksite but on the fact that asbestos-containing products, when handled in the manner in which they were intended, released harmful asbestos fibers which when inhaled by Plaintiff, caused serious lung disease.

6.      As used herein, Plaintiff shall mean the above-captioned asbestos-injured Plaintiff BILLY JEFFREY.

7.      Plaintiffs are informed and believe, and thereon allege that at all times herein mentioned, Defendants were and are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and that said defendants, and each of them, were and are authorized to do and are doing business in the State of California, and that said defendants have regularly conducted business in the County of San Francisco, State of California.

## II.

## JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT

8.      <u>Jurisdiction</u>: Plaintiff BILLY JEFFREY is a citizen of the State of California.

Defendants are each corporations incorporated under the laws of and having its principal places of business in the following States:

///

///

///

| DEFENDANT | STATE |
|---|---|
| FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION) | New Jersey/Delaware |
| SCHNEIDER ELECTRIC USA, INC. (FKA SQUARE D COMPANY) | Delaware/Illinois |
| EATON CORPORATION | Ohio |
| ROCKWELL AUTOMATION, INC. | Delaware/Wisconsin |

This Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9. <u>Venue / Intradistrict Assignment</u>. Venue is proper in the Northern District of California and assignment to the San Francisco Division of said district is proper as a substantial part of the events or omissions which give rise to the claims asserted by Plaintiff herein occurred within the County of San Francisco, California, and Defendants are subject to personal jurisdiction in this district at the time the action is commenced.

**III.**

**CAUSES OF ACTION**

<u>FIRST CAUSE OF ACTION</u>
(Negligence)

PLAINTIFF BILLY JEFFREY COMPLAINS OF DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), SCHNEIDER ELECTRIC USA, INC. (FKA SQUARE D COMPANY), EATON CORPORATION, ROCKWELL AUTOMATION, INC., THEIR "ALTERNATE ENTITIES," AND EACH OF THEM, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

10. At all times herein mentioned, each of the named defendants was the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, holding company, affiliate, venturer, co-venturer, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating,

1  designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale,

2  supplying, selling, inspecting, testing, authorizing, approving, certifying, facilitating, promoting,

3  representing, endorsing servicing, installing, contracting for installation, repairing, marketing,

4  warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or

5  otherwise directing and/or facilitating the use of, or advertising a certain product, namely

6  asbestos, and/or other products containing asbestos. Said entities shall hereinafter collectively be

7  called ALTERNATE ENTITIES. Each of the herein named defendants is liable for the tortious

8  conduct of each successor, successor in business, successor in product line or a portion thereof,

9  assign, predecessor in product line or a portion thereof, parent, holding company, affiliate,

10  venturer, co-venturer, subsidiary, whole or partial owner, or wholly or partially owned entity, or

11  entity that it was a member of, or funded, that researched, studied, manufactured, fabricated,

12  designed, modified, labeled, assembled, distributed, leased, bought, offered for sale, supplied,

13  sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted,

14  rebranded, manufactured for others and advertised a certain product, namely asbestos, and other

15  products containing asbestos. The following defendants, and each of them, are liable for the acts

16  of each and every ALTERNATE ENTITY, and each of them, in that there has been a virtual

17  destruction of Plaintiff's remedy against each such ALTERNATE ENTITY; defendants, and each

18  of them, have acquired the assets, product line, or a portion thereof, of each such ALTERNATE

19  ENTITY; defendants, and each of them, caused the destruction of Plaintiff's remedy against each

20  such ALTERNATE ENTITY; each such defendant has the ability to assume the risk-spreading

21  role of each such ALTERNATE ENTITY; and that each such defendant enjoys the goodwill

22  originally attached to each such ALTERNATE ENTITY:

23  | DEFENDANT | ALTERNATE ENTITY |
|---|---|
24 | FOSTER WHEELER LLC | FOSTER WHEELER CORPORATION |
25 | ROCKWELL AUTOMATION, INC. | ROCKWELL SPRING AND AXLE COMPANY |
26 | | TIMKEN-DETROIT AXLE COMPANY (THE) TIMKEN SILENT AUTOMATIC DIVISION ALLEN-BRADLEY COMPANY, LLC. |
27 | | ONEIDA ROSTONE CORPORATION ROSTONE CORPORATION |

28  ///

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| EATON CORPORATION | EATON ELECTRICAL INC.<br>CUTLER-HAMMER, INC.<br>YALE & TOWNE MANUFACTURING CO. |

11.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, modifying, labeling, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, endorsing, testing, authorizing, approving, certifying, facilitating, promoting, representing, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging, specifying, requiring, mandating, or otherwise directing and/or facilitating the use of, or advertising a certain product, namely asbestos and other products containing asbestos.

12.     At all times herein mentioned, defendants, their ALTERNATE ENTITIES and each of them, singularly and jointly, negligently, and carelessly researched, manufactured, fabricated, designed, modified, tested or failed to test, abated or failed to abate, warned or failed to warn of the health hazards, labeled, assembled, distributed, leased, bought, offered for sale, supplied, sold, inspected, serviced, authorized, approved, certified, facilitated, promoted, installed, represented, endorsed, contracted for installation of, repaired, marketed, warranted, rebranded, manufactured for others, packaged and advertised, a certain product, namely asbestos, and other products containing asbestos, in that said products caused personal injuries to users, consumers, workers, bystanders and others, including the Plaintiff herein, (hereinafter collectively called "exposed persons"), while being used in a manner that was reasonably foreseeable, thereby rendering said products hazardous, unsafe and dangerous for use by "exposed persons".

13.     Defendants, their ALTERNATE ENTITIES, and each of them, had a duty to exercise due care in the pursuance of the activities mentioned above and defendants, and each of them, breached said duty of due care.

14.     Defendants, their ALTERNATE ENTITIES and each of them, knew, or should have known, and intended that the aforementioned asbestos and products containing asbestos and

1   related products and equipment, would be transported by truck, rail, ship, and other common

2   carriers, that in the shipping process the products would break, crumble, or be otherwise

3   damaged; and/or that such products would be used for insulation, construction, plastering,

4   fireproofing, soundproofing, automotive, aircraft and/or other applications, including, but not

5   limited to unpacking, preparing, using, sawing, drilling, chipping, hammering, scraping, sanding,

6   breaking, removing, maintaining, inspecting, "rip-out", and other manipulation, resulting in the

7   release of airborne asbestos fibers, and that through such foreseeable use and/or handling

8   "exposed persons", including Plaintiff herein, would use or be in proximity to and exposed to

9   said asbestos fibers, which contaminated the packaging, products, environment, and clothing of

10  persons working in proximity to said products, directly or through reentrainment.

11          15.     Plaintiff has used, handled, or been otherwise exposed to asbestos and asbestos-

12  containing products referred to herein in a manner that was reasonably foreseeable. Plaintiff's

13  exposure to asbestos and asbestos-containing products is on current information as set forth at

14  various locations and circumstances in **Exhibit A**, attached to Plaintiff's complaint and

15  incorporated by reference herein.

16          16.     As a direct and proximate result of the acts, omissions, and conduct of the

17  defendants, their ALTERNATE ENTITIES, and each of them, as aforesaid, Plaintiff's exposure

18  to asbestos and asbestos-containing products caused severe and permanent injury, damage, loss,

19  or harm to the Plaintiff as set forth in **Exhibit A,** attached to Plaintiff's complaint and

20  incorporated by reference herein.

21          17.     Plaintiff is informed and believes, and thereon alleges, that progressive lung

22  disease, cancer, and other serious diseases are caused by inhalation or ingestion of asbestos fibers

23  without perceptible trauma and that said injury, damage, loss, or harm results from exposure to

24  asbestos and asbestos-containing products over a period of time.

25          18.     Plaintiff suffers from a condition related to exposure to asbestos and asbestos-

26  containing products. Plaintiff was not aware at the time of exposure that asbestos or asbestos-

27  containing products presented risk of injury and/or disease.

28  ///

19.     As a direct and proximate result of the aforesaid conduct of defendants, their ALTERNATE ENTITIES, and each of them, Plaintiff has suffered, and continue to suffer, permanent injuries and/or future increased risk of injuries to their persons, body and health, including, but not limited to, asbestosis, other lung damage, and cancer, and the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to Plaintiff's general damage.

20.     As a direct and proximate result of the aforesaid conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time, and Plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

21.     As a further direct and proximate result of the said conduct of the defendants, their "alternate entities," and each of them, Plaintiff has incurred pecuniary losses, the full nature and extent of which are not yet known to Plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

22.     Defendants, their ALTERNATE ENTITIES, and each of them, and their officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, each of the acts set forth herein.

23.     Defendants, their "alternate entities," and each of them, are liable for the fraudulent, oppressive, and malicious acts of their ALTERNATE ENTITIES, and each of them, and each defendant's officers, directors and managing agents participated in, authorized, expressly and impliedly ratified, and had full knowledge of, or should have known of, the acts of each of their ALTERNATE ENTITIES as set forth herein.

23.     The herein-described conduct of said defendants listed in this paragraph below, their "alternate entities," and each of them, was and is willful, malicious, fraudulent, outrageous and in conscious disregard and indifference to the safety and health of "exposed persons." Plaintiff, for the sake of example and by way of punishing said defendants, seeks punitive

1  damages according to proof against the following defendant only:  FOSTER WHEELER LLC

2  (FKA FOSTER WHEELER CORPORATION)

3       WHEREFORE, Plaintiff prays judgment against defendants, their "alternate entities," and

4  each of them, as hereinafter set forth.

5  SECOND CAUSE OF ACTION<br/>(Products Liability)

6

7       AS AND FOR A SECOND, SEPARATE, FURTHER AND DISTINCT CAUSE OF

8  ACTION FOR PRODUCTS LIABILITY, PLAINTIFF BILLY JEFFREY COMPLAINS OF

9  DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION),

10  SCHNEIDER ELECTRIC USA, INC. (FKA SQUARE D COMPANY), EATON

11  CORPORATION, ROCKWELL AUTOMATION, INC., THEIR "ALTERNATE ENTITIES,"

12  AND EACH OF THEM, AS FOLLOWS:

13       24.    Plaintiff incorporates herein by reference, as though fully set forth herein, the

14  allegations contained in each paragraph of the First Cause of Action herein.

15       25.    Defendants, their ALTERNATE ENTITIES, and each of them, knew and intended

16  that the above-referenced asbestos and asbestos-containing products would be used by the

17  purchaser or user without inspection for defects therein or in any of their component parts and

18  without knowledge of the hazards involved in such use.

19       26.    Said asbestos and asbestos-containing products were defective and unsafe for their

20  intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death.

21  The defect existed in the said products at the time they left the possession of defendants, their

22  "alternate entities," and each of them.  Said products did, in fact, cause personal injuries,

23  including asbestosis, other lung damage, and cancer to "exposed persons", including Plaintiff

24  herein, while being used in a reasonably foreseeable manner, thereby rendering the same

25  defective, unsafe and dangerous for use.

26       27.    "Exposed persons" did not know of the substantial danger of using said products.

27  Said dangers were not readily recognizable by "exposed persons."  Said defendants, their

28  ///

1    ALTERNATE ENTITIES, and each of them, further failed to adequately warn of the risks to

2    which Plaintiff and others similarly situated were exposed.

3          28.    In researching, manufacturing, fabricating, designing, modifying, testing or failing

4    to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for

5    sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing,

6    marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos

7    and asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

8    did so with conscious disregard for the safety of "exposed persons" who came in contact with

9    said asbestos and asbestos-containing products, in that said defendants, their ALTERNATE

10    ENTITIES, and each of them, had prior knowledge that there was a substantial risk of injury or

11    death resulting from exposure to asbestos or asbestos-containing products, including, but not

12    limited to, asbestosis, other lung damages and cancer. Said knowledge was obtained, in part,

13    from scientific studies performed by, at the request of, or with the assistance of, said defendants,

14    their ALTERNATE ENTITIES, and each of them, and which knowledge was obtained by said

15    defendants, their ALTERNATE ENTITIES, and each of them on or before 1930, and thereafter.

16          29.    On or before 1930, and thereafter, said defendants, their ALTERNATE

17    ENTITIES and each of them, were aware that members of the general public and other "exposed

18    persons", who would come in contact with their asbestos and asbestos-containing products, had

19    no knowledge or information indicating that asbestos or asbestos-containing products could

20    cause injury, and said defendants, their ALTERNATE ENTITIES, and each of them, knew that

21    members of the general public and other "exposed persons", who came in contact with asbestos

22    and asbestos-containing products, would assume, and in fact did assume, that exposure to

23    asbestos and asbestos-containing products was safe, when in fact said exposure was extremely

24    hazardous to health and human life.

25          30.    With said knowledge, said defendants, their ALTERNATE ENTITIES, and each

26    of them, opted to research, manufacture, fabricate, design, modify, label, assemble, distribute,

27    lease, buy, offer for sale, supply, sell, inspect, service, install, contract for installation, repair,

28    market, warrant, rebrand, manufacture for others, package and advertise said asbestos and

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

1  asbestos-containing products without attempting to protect "exposed persons" from or warn

2  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

3  asbestos-containing products. Rather than attempting to protect "exposed persons" from, or warn

4  "exposed persons" of, the high risk of injury or death resulting from exposure to asbestos and

5  asbestos-containing products, defendants, their ALTERNATE ENTITIES, and each of them,

6  intentionally failed to reveal their knowledge of said risk, and consciously and actively concealed

7  and suppressed said knowledge from "exposed persons" and members of the general public, thus

8  impliedly representing to "exposed persons" and members of the general public that asbestos and

9  asbestos-containing products were safe for all reasonably foreseeable uses. Defendants, their

10 ALTERNATE ENTITIES, and each of them, engaged in this conduct and made these implied

11 representations with the knowledge of the falsity of said implied representations.

12      31.    The above-referenced conduct of said defendants, their ALTERNATE ENTITIES,

13 and each of them, was motivated by the financial interest of said defendants, their ALTERNATE

14 ENTITIES, and each of them, in the continuing, uninterrupted research, design, modification,

15 manufacture, fabrication, labeling, assembly, distribution, lease, purchase, offer for sale, supply,

16 sale, inspection, installation, contracting for installation, repair, marketing, warranting,

17 rebranding, manufacturing for others, packaging and advertising of asbestos and asbestos-

18 containing products. In pursuance of said financial motivation, said defendants, their

19 ALTERNATE ENTITIES, and each of them, consciously disregarded the safety of "exposed

20 persons" and in fact were consciously willing and intended to permit asbestos and asbestos-

21 containing products to cause injury to "exposed persons" and induced persons to work with and

22 be exposed thereto, including Plaintiff.

23      32.    Plaintiff alleges that the aforementioned defendants, their ALTERNATE

24 ENTITIES, and each of them impliedly warranted their asbestos and asbestos-containing

25 products to be safe for their intended use but that their asbestos and asbestos-containing products,

26 created an unreasonable risk of bodily harm to exposed persons.

27      33.    Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos

28 and various asbestos-containing products manufactured, fabricated, inadequately researched,

1  designed, modified, inadequately tested, labeled, assembled, distributed, leased, bought, offered

2  for sale, supplied, sold, inspected, serviced, installed, contracted for installation, repaired,

3  marketed, warranted, rebranded, manufactured for others, packaged and advertised by the

4  aforementioned defendants, their ALTERNATE ENTITIES, and each of them and that Plaintiff

5  cannot identify precisely which asbestos or asbestos-containing products caused the injuries

6  complained of herein.

7       34.    Plaintiff relied upon defendants', their "alternate entities'", and each of their

8  representations, lack of warnings, and implied warranties of fitness of asbestos and their

9  asbestos-containing products. As a direct, foreseeable and proximate result thereof, Plaintiff has

10  been injured permanently as alleged herein.

11       35.    As a direct and proximate result of the actions and conduct outlined herein,

12  Plaintiff has suffered the injuries and damages previously alleged.

13       WHEREFORE, Plaintiff prays judgment against defendants, their ALTERNATE

14  ENTITIES, and each of them, as hereinafter set forth.

15  THIRD CAUSE OF ACTION<br>(Loss of Consortium)

16

17       AS AND FOR A THIRD, SEPARATE, FURTHER AND DISTINCT CAUSE OF

18  ACTION FOR LOSS OF CONSORTIUM, PLAINTIFF DIANA JEFFREY COMPLAINS OF

19  DEFENDANTS FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION),

20  SCHNEIDER ELECTRIC USA, INC. (FKA SQUARE D COMPANY), EATON

21  CORPORATION, ROCKWELL AUTOMATION, INC., THEIR "ALTERNATE ENTITIES,"

22  AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

23       36.    Plaintiffs incorporate by reference each and every paragraph of the First through

24  Second Causes of Action herein.

25       37.    Plaintiffs BILLY JEFFREY and DIANA JEFFREY were married on April 25,

26  1969, and at all times relevant to this action were, and are now, husband and wife.

27       38.    Prior to Plaintiff BILLY JEFFREY's injuries as alleged, he was able and did

28  perform duties as a spouse.  Subsequent to the injuries and as a proximate result thereof, BILLY

1   JEFFREY has been unable to perform the necessary duties as a spouse and the work and service

2   usually performed in the care, maintenance and management of the family home, and he will be

3   unable to perform such work, service and duties in the future. As a proximate result thereof,

4   Plaintiff DIANA JEFFREY has been permanently deprived and will be deprived of the

5   consortium of her spouse, including the performance of duties, all to her damages, in an amount

6   presently unknown but which will be proved at the time of trial.

7        39.    Plaintiff's discovery of the cause of her loss of consortium, as herein alleged, first

8   occurred within one year of the date this complaint was filed.

9        40.    As a direct and proximate result of the acts of defendants, their "alternate entities,"

10  and each of them, and the severe injuries caused thereby to Plaintiff BILLY JEFFREY as set

11  forth in this complaint, Plaintiff DIANA JEFFREY has suffered, and for a long period of time

12  will continue to suffer loss of consortium, including but not by way of limitation, loss of services,

13  marital relations, society, comfort, companionship, love and affection of said spouse, and has

14  suffered severe mental and emotional distress and general nervousness as a result thereof.

15       WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE

16  ENTITIES, and each of them, as hereinafter set forth.

17                                      **IV.**

18                                    **PRAYER**

19       WHEREFORE, Plaintiffs pray judgment against defendants, their ALTERNATE

20  ENTITIES, and each of them in an amount to be proved at trial, as follows:

21       Plaintiff BILLY JEFFREY:

22       (a)    For Plaintiff's general damages according to proof;

23       (b)    For Plaintiff's loss of income, wages and earning potential according to proof;

24       (c)    For Plaintiff's medical and related expenses according to proof;

25       Plaintiff DIANA JEFFREY:

26       (d)    For Plaintiff's damages for loss of consortium according to proof;

27       Plaintiffs BILLY JEFFREY and DIANA JEFFREY:

28       (e)    For Plaintiffs' cost of suit herein;

1   (f)    For exemplary or punitive damages according to proof against defendant FOSTER

2          WHEELER LLC (FKA FOSTER WHEELER CORPORATION), only;

3   (g)    For damages for fraud according to proof; and

4   (h)    For such other and further relief as the Court may deem just and proper, including

5          costs and prejudgment interest.

6

7   Dated: 12/22/14                    BRAYTON❖PURCELL LLP

8

9                                      By: _____

10                                          David R. Donadio, Esq., S.B. #154436
                                            Attorneys for Plaintiffs

11

12

13                                JURY DEMAND

14         Plaintiffs hereby demand trial by jury of all issues of this cause.

15

16  Dated: 12/22/14                    BRAYTON❖PURCELL LLP

17

18                                     By: _____

19                                          David R. Donadio, Esq., S.B. #154436
                                            Attorneys for Plaintiffs

20

21

22

23

24

25

26

27

28

K:\LA\121299\FED\PLD\cmp pilcp fed.wpd                 13
COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL

1                            EXHIBIT A

2  Plaintiff:  BILLY JEFFREY

3

4  Plaintiff's injuries:  Plaintiff was diagnosed with mesothelioma on or about November 2014.

5

6  Retirement Status:

7  Plaintiff is still employed and therefore has suffered no disability due to his asbestos-related

8  disease as "disability" is defined in California Code of Civil Procedure § 340.2.

9

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| HEB Refrigeration & Air Conditioning Corpus Christi, TX | HEB Refrigeration & Air Conditioning Shop Corpus Christi, TX | HVAC Mechanic (Helper) | 1962-1965 |
| U.S. Navy | Naval Training Center San Diego, CA | Trainee | 8/27/1967-10/1967 (Approx. 6 weeks) |
| U.S. Navy | Various ships and shipyards, including: | Electrician's Mate | 10/1967-1/25/1969 |
| | CHEMUNG  (AO-30) | | |
| | California Shipbuilding Terminal Island/ San Pedro, CA | | 3/1/1968-3/31/1968 |
| | Long Beach Naval Shipyard, Long Beach, CA | | 5/5/1968-6/30/1968 |
| Chenault & Baily Houston, TX | Various buildings, including: | Engineer | 8/1969-1975 |
| | Transcontinental Oil Company Towers Houston, TX | | |
| | One Shell Plaza Houston, TX | | |
| | Galleria Hotel Houston, TX | | |
| | Control Data Corp Building Houston, TX | | |

| Employer | Location of Exposure | Job Title | Exposure Dates |
|----------|---------------------|-----------|----------------|
| WESCON Associates Cupertino, CA | Various Schools in Santa Clara County, CA, including:<br><br>Gilroy High School Gilroy, CA<br><br>Willow Glen High School San Jose, CA | Engineer | 1975-1976 |

## NON OCCUPATIONAL EXPOSURE:

FRICTION:  Plaintiff performed brake jobs on his cars from the 1960's through the 1980's. Plaintiff removed and replaced asbestos-containing BENDIX (HONEYWELL INTERNATIONAL, INC.) brakes.

K:\LA\121299\FED\PLD\cmp.plcp.fed.wpd

COMPLAINT FOR ASBESTOS PERSONAL INJURY/ PRODUCTS LIABILITY/ LOSS OF CONSORTIUM; DEMAND FOR JURY TRIAL