UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JEFFREY, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>FOSTER WHEELER LLC (FKA FOSTER WHEELER CORPORATION), SCHNEIDER ELECTRIC USA, INC. (FKA SQUARE D COMPANY), EATON CORPORATION, ROCKWELL AUTOMATION, INC.,<br><br>    Defendants. | Case No. 14-cv-05585-WHO<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 8, 10, 15 |

## INTRODUCTION

Plaintiffs Billy and Diana Jeffrey (husband and wife) allege that Mr. Jeffrey was injured from exposure to defendants' asbestos-containing products. They have not pleaded any facts regarding the circumstances of their exposure or any basis for concluding that Mr. Jeffrey was exposed to defendants' products. Accordingly, I GRANT defendants' motions to dismiss the complaint with leave to amend.

## BACKGROUND

Billy Jeffrey alleges that he has sustained asbestos-related lung injuries as a result of his exposure to asbestos-containing products "manufactured, distributed, and/or sold" by defendants Foster Wheeler LLC, Schneider Electric USA, Inc., Eaton Corporation, and Rockwell Automation, Inc. Compl. ¶ 4 [Dkt. No. 1]. He alleges that defendants' asbestos-containing products were "supplied to, installed and/or maintained" by defendants at Mr. Jeffrey's worksites "over a period of years." *Id*. The complaint identifies the following worksites and dates where Mr. Jeffrey was allegedly exposed to defendants' asbestos-containing products:

| Employer | Location of Exposure | Job Title | Exposure Dates |
|---|---|---|---|
| HEB Refrigeration & Air Conditioning, Corpus Christi, TX | HEB Refrigeration & Air Conditioning Shop, Corpus Christi, TX | HVAC Mechanic (Helper) | 1962-1965 |
| U.S. Navy | Naval Training Center, San Diego, CA | Trainee | 8/27/1967-10/1967 (Approx. 6 weeks) |
| U.S. Navy | Various ships and shipyards, including: | Electrician's Mate | 10/1967-1/25/1969 |
|  | CHEMUNG (AO-30) |  |  |
|  | California Shipbuilding, Terminal Island/San Pedro, CA |  | 3/1/1968-3/31/1968 |
|  | Long Beach Naval Shipyard, Long Beach, CA |  | 5/5/1968-6/30/1968 |
| Chenault & Baily, Houston, TX | Various buildings, including: | Engineer | 8/1969-1975 |
|  | Transcontinental Oil Company Towers, Houston, TX |  |  |
|  | One Shell Plaza, Houston, TX |  |  |
|  | Galleria Hotel, Houston, TX |  |  |
|  | Control Data Corp Building, Houston, TX |  |  |
| WESCON Associates, Cupertino, CA | Various Schools in Santa Clara County, CA, including: | Engineer | 1975-1976 |
|  | Gilroy High School, Gilroy, CA |  |  |
|  | Willow Glen High School, San Jose, CA |  |  |

Compl. ¶ 15, Ex. A. Mr. Jeffrey asserts causes of action against defendants for negligence and products liability. *Id*. ¶¶ 10-35.

Diana Jeffrey, Billy Jeffrey's wife, alleges that Mr. Jeffrey "has been unable to perform the necessary duties as a spouse and the work and service usually performed in the care, maintenance and management of the family home" as a result his asbestos-related lung injuries. Compl. ¶ 38. Ms. Jeffrey asserts a cause of action against defendants for loss of consortium. *Id*. ¶ 36-40.

Defendants Schneider Electric, Rockwell Automation, and Eaton Corporation (collectively, "defendants") move to dismiss the Jeffreys' complaint for failure to state a claim.[1] Dkt. Nos. 8 (Schneider Electric motion to dismiss), 10 (Rockwell Automation motion to dismiss), 15 (Eaton Corporation motion to dismiss). I heard argument on February 25, 2015.

---

[1] Defendant Foster Wheeler filed an answer to the complaint. Dkt. No. 7.

2

**DISCUSSION**

Plaintiffs must plead facts sufficient to raise "plausible grounds" for relief.[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A plaintiff in an asbestos suit "cannot prevail against a defendant without evidence that the plaintiff was exposed to asbestos-containing materials manufactured or furnished by the defendant with enough frequency and regularity as to show a reasonable medical probability that this exposure was a factor in causing the plaintiff's injuries." *Weber v. John Crane, Inc.*, 143 Cal. App. 4th 1433, 1438 (2006).

Defendants argue that plaintiffs fail to state a claim because the complaint does not identify any specific asbestos-containing products of the defendants to which Mr. Jeffrey was allegedly exposed, the circumstances of the exposure, or that any exposure was sufficient to cause asbestos-related lung injuries. *See, e.g.,* Dkt. No. 8 at 3; Dkt. No. 10-1 at 2; Dkt. No. 15-1 at 1-2. Plaintiffs respond that defendants "know full well their line of asbestos-containing electrical products that are at issue here; they have answered and defended many a complaint based on exposure to asbestos as a result of work with and around these products. They can do so here." Dkt. No. 24 at 2.[3] Plaintiffs' likewise state that "Defendants know their business as a manufacturers of asbestos-containing products – and admit as such in state-court interrogatory responses. They are sued here as they have been in a multitude of other cases involving plaintiffs' counsel." *Id.* at 6.

I assume that plaintiffs have some basis for alleging that Mr. Jeffrey was exposed to these particular defendants' asbestos-containing products at these particular jobsites. That basis is not

---

[2] Plaintiffs cite *Gilligan v. Jamco Develop. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997) for the proposition that "plaintiffs only need allege factual allegations which support the required elements of a complaint, not make out a *prima facie* case." Dkt. No. 24 at 7. *Gilligan* does not save plaintiffs' complaint. *Gilligan* was decided years before *Iqbal* and *Twombly* and does not control over the pleading standards articulated in those cases. *See, e.g. Sparks v. S. Kitsap Sch. Dist.*, 2014 WL 1047217, at *3 (W.D. Wash. Mar. 18, 2014) (*Gilligan* was "decided years before *Iqbal* and *Twombly* and [is] entirely inapplicable now"). *Gilligan* is also substantively inapposite as it involved violations of the Fair Housing Act and plaintiffs there pleaded plausible grounds for relief.

[3] Plaintiffs filed one joint opposition to defendants' motions to dismiss. Dkt. No. 24. Defendants are encouraged to likewise file joint motions where appropriate. The three motions to dismiss at issue here are substantially duplicative and could have been submitted in one joint motion.

evident from the complaint as presently drafted. Plaintiffs' obligation to plead plausible claims is not lessened by their counsel's prior experience litigating against these defendants. The complaint does not allege any basis for concluding that defendants provided asbestos-containing products to Mr. Jeffrey's jobsites, much less the circumstances of Mr. Jeffrey's exposure to those products.

Mr. Jeffrey's alleged exposure occurred 40 to 50 years ago and he is unlikely to have detailed knowledge of defendants' products and operations, such as the brand names of the specific products at issue. Plaintiffs' amended complaint need not include precise details of the facts underlying their claims. In order to plead plausible claims, plaintiffs can and should allege the circumstances of Mr. Jeffrey's exposure, such as the type of work he was performing and why that work may have exposed him to defendants' products, as well as any other material facts of which they are aware that justify the defendants' potential liability in this case.

## CONCLUSION

Defendants' motions to dismiss are GRANTED and the complaint is dismissed with leave to amend. Dkt. Nos. 8, 10, 15. Any amended complaint shall be filed within 30 days of this order.

**IT IS SO ORDERED**.

Dated: March 2, 2015



WILLIAM H. ORRICK
United States District Judge